**NOT FOR PUBLICATION**                                    [13, 18, 20, 28, 31]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
ANTHONY EBRON                           :
                                        :     Civil Action No. 06-01938 (FLW)
                    Plaintiff,          :
                                        :              **OPINION**
        v.                              :
                                        :
Sheriff Oxley, et al.,                  :
                                        :
                    Defendants.         :
_____:

**WOLFSON**, **District Judge**

Pro Se plaintiff Anthony Ebron ("Ebron") was a pretrial detainee at the Monmouth County Correctional Institution ("MCCI") from January 2005 through April 2006.  On June 28, 2006, Ebron filed a complaint against Captain Robert Riggs ("Riggs"), Warden William Fraser ("Fraser"), Sheriff Joseph Oxley ("Oxley"), Lt. Howell ("Howell"), Medical Department Investigator Renee Hammond, and Dental Department Administrator[1] alleging that Defendants failed to provide Ebron with adequate dental care.  Before the Court are the unopposed Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) filed by Riggs, Fraser, and Howell.  Likewise, Oxley filed a Motion to Dismiss in Lieu of Filing an Answer pursuant to Fed. R. Civ. P. 12(b)(6), which is also unopposed.[2]  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  For the reasons stated herein, the Court finds that there is no genuine issue of material

_____

[1] A summons was never returned executed as to Defendant Dental Department Administrator.

[2] For the purposes of this Opinion, Defendants Riggs, Fraser, Howell, and Oxley will be referred to collectively as "Defendants."

fact sufficient to defeat the Motions for Summary Judgment. The Court also finds that Ebron's

Complaint against Oxley fails to state a claim whereby the Court may grant him relief.

Accordingly, Ebron's claims against Defendants are dismissed.

## I. BACKGROUND

This action arises out of Ebron's alleged inability to receive adequate dental treatment

while incarcerated at the MCCI as a pretrial detainee from January 2005 through April 2006.

(Compl. ¶ 8.)  Pursuant to 42 U.S.C. § 1983, Ebron asserts that the MCCI administration violated

his constitutional rights with respect to his Eighth and Fourteenth Amendment rights to be free

from cruel and unusual punishment.  (Compl. ¶¶ 1, 8.)  Specifically, Ebron states that he was

forced to eat with a broken partial denture, causing painful cuts in his mouth.  (Compl. ¶ 8.)

Further, Ebron claims the MCCI dental staff denied him an adhesive or a new partial denture.

(Compl. ¶ 8.)  In response, the dental department claims that Ebron requested the broken denture

to be fixed on four occasions, and on each occasion, the denture was relined, therefore,

completing the procedure of fixing the denture.[3]  (See Defendants' Exhibit C.)  Ebron states that

he exhausted all available administrative remedies before identifying the six defendants named in

this instant action.  (Compl. ¶ 7.)  Defendant Renee Hammond, who answered Ebron's

Complaint on August 25, 2006, did not move for summary judgment.  The only pending motions

at issue here are those filed by the aforementioned four defendants, who all hold administrative

---

[3]  The Defendants did not provide facts in their respective briefs regarding Ebron's specific complaints while incarcerated at the MCCI, his subsequent dental visits, or the remedies given by the dental staff other than those facts as appear in Ebron's Complaint and in the documents attached thereto.  Ebron failed to submit a brief in opposition to Defendants' Motions for Summary Judgment.  Therefore, the Court relies on the facts provided in Ebron's MCCI grievance form and Complaint.

positions at the MCCI.

On June 28, 2006, the Court granted an Order for Ebron to proceed in forma pauperis, but subsequently denied Ebron's application for pro bono counsel on August 2, 2006.  Ebron has proceeded pro se seeking $50,000 in compensatory damages and $50,000 in punitive damages. (Compl. ¶ 9.)

On August 30, 2006, Magistrate Judge John J. Hughes ordered that all pretrial memoranda in this matter be filed with him by February 26, 2007.  To date, all parties have failed to file such memoranda.  On October 13, 2006, Riggs filed a Motion for Summary Judgment. However, due to Ebron's change of address, the Motion was re-filed and re-served on November 6, 2006.  On October 30, 2006, Fraser likewise filed a Motion for Summary Judgment, followed by Oxley's Motion to Dismiss in Lieu of Filing an Answer on January 16, 2007.  On March 15, 2007, Howell filed a Motion for Summary Judgment.[4]  Ebron did not respond to any of these Motions, despite the Court providing him with an extension to answer.[5]  Thus, the Court considers Defendants' Motions as unopposed.

## II.  DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

### A.      Legal Standard

Summary judgment is appropriate where the Court is satisfied that "there is no genuine

---

[4]  The cross claims against all Defendants filed by Riggs on August 21, 2006, and Howell on September 22, 2006, are rendered moot by virtue of this Court's decision to grant their Motions for Summary Judgment.

[5]  On May 1, 2007, the Court responded to Ebron's request for a 45 day extension to file opposition to Defendants' Motions.  The Court found Ebron's request to be excessive in light of the substantial time the matters had been pending, and as a result, the Court granted a 20 day extension.  To date, two months later, no opposition has been filed.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).

A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby,Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (citations omitted). A court should not hold a pro se complaint reviewed under a summary judgment motion to the same standard as one drafted by legal counsel. See Wilson v. Maben, 676 F. Supp. 581, 583 (M.D. Pa. 1987). However, although pro se complaints are entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v.

4

Day, 969 F.2d 39, 42 (3d Cir. 1992), the plaintiff must still set forth facts sufficient to survive

summary judgment.  Shabazz v. Odum, 591 F. Supp. 1513, 1516 (M.D. Pa. 1984); see also

Kaiser v. Bailey, No. 01-6151, 2003 WL 21500339, at *3 (D.N.J. July 1, 2003).

      If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only

grant the motion for summary judgment "if appropriate."  See, e.g., Anchorage Assocs. v. V.I.

Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); see also Damiano v. Sony Music Entm't,

975 F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's

argument was unopposed, and thus no genuine issue of material fact was created).  The motion is

appropriately granted when that movant is entitled to judgment as a matter of law.  Anchorage

Assocs., 922 F.2d at 175.  When "the non-moving party fails to oppose the motion for summary

judgment by written objection, memorandum, affidavits and other evidence, the Court will accept

as true all material facts set forth by the moving party with appropriate record support."  Carp v.

Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quoting

Anchorage Assocs., 922 F.2d at 175).  Even if a record contains facts that might provide support

for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record

and affirmatively identify genuine, material factual issues sufficient to defeat a motion for

summary judgment."  Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1,

1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988)); see also Atkinson v. City of

Philadelphia., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D. Pa. June 20, 2000).

    **B.**    **Plaintiff's 42 U.S.C. § 1983 Claims**

Pursuant to 42 U.S.C. § 1983,[6] Ebron alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (Compl. ¶ 8.)  Since prison systems have a duty to supply adequate medical care, Estelle v. Gamble, 429 U.S. 97, 103 (1976), the Eighth Amendment provides a constitutional basis for a § 1983 claim by prisoners alleging inadequate medical care.  See Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).  However, "[f]ailure to provide medical care to a person in custody can rise to the level of a constitutional violation [of the Eighth Amendment] under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs."  Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995).  Deliberate indifference refers to "a state of mind more blameworthy than negligence."  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The "deliberate indifference" standard is essentially a two-pronged test, requiring: (1) that the prisoner's medical needs be serious; and (2) that there be deliberate indifference on the part of the defendants.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  Additionally, courts give prison medical officials much more leeway in diagnosis and treatment of prisoners.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1997).  Therefore, a prisoner's mere disagreement with the form of

---

[6]  42 U.S.C. § 1983 provides a private cause of action against any person who, acting under color of state law, deprives another of rights, privileges, or immunities secured by the Constitution or laws of the United States.  The statute, in and of itself, is not a source of substantive rights but provides "a method for vindicating federal rights elsewhere conferred."  Graham v. Conner, 490 U.S. 386, 393-94 (1989).  To assert a § 1983 claim, a plaintiff must allege that the defendant, "acting under color of State law," deprived him of a right secured by the Constitution and laws of the United States.  West v. Atkins, 87 U.S. 42, 48 (1988); Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

treatment does not rise to a constitutional violation.  Estelle v. Gamble, 429 U.S. 97, 107 (1976).

Notwithstanding, since Ebron was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, governs Ebron's claims for inadequate medical care.  See Sylvester v. City of Newark, 120 Fed. Appx. 419, 423 (3d Cir. 2005).  The Third Circuit finds that Due Process rights under the Fourteenth Amendment provide at least as much protection as Eighth Amendment protections for convicted prisoners.  See id.; see also Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993).  Thus, the deliberate indifference standard would also apply to pretrial detainees through the Fourteenth Amendment.  See Natale v. Camden County Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).

### C.    Analysis

Since Riggs, Frazer, and Howell provided similar arguments for summary judgment, and the analysis of the § 1983 claim is integral in order to resolve their Motions, the Court considers these three motions simultaneously.  Although Defendants' Motions are unopposed, the Court must still analyze the merits of Defendants' Motions for Summary Judgment.  See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  As set forth above, when, as here, the non-moving party fails to oppose the motion for summary judgment, the Court must accept "as true all material facts set forth by the moving party . . . ."  Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002).  However, the Defendants have not submitted affidavits supporting their Motions, nor have they contested Ebron's alleged facts.  Accordingly, the Defendants have accepted as true all of Ebron's alleged facts in his Complaint.  Therefore, no facts are at issue in this matter.  Even drawing all favorable inferences in favor of Ebron from the facts, the Court still finds that Ebron's allegations against Defendants

in his Complaint do not establish that Defendants were deliberately indifferent to a serious medical need.  As a result, there is no genuine issue that exists, and the Court thus grants Defendants' Motions for Summary Judgment.

In order for Ebron's § 1983 claim against the Defendants to survive summary judgment, Ebron must establish: (1) that his medical needs were serious; and (2) that there was a deliberate indifference on the part of the Defendants in treating Ebron's medical needs.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1978); see also Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (stating "failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Ebron has alleged sufficient facts demonstrating he suffered from a serious medical need. "A serious medical need is defined as 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  Bennett v. Div. of Immigration Health Servs., No. 05-4251, 2006 WL 845864, at *5 (E.D. Pa. Mar. 28, 2006) (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979) aff'd, 649 F.2d 860 (3d Cir. 1981).  "When a denial of an inmate's request for medical care causes 'undue suffering or the threat of tangible residual injury, deliberate indifference is manifest.'"  Samuel v. First Corr. Medical, 463 F. Supp. 2d 488, 495 (D. Del. 2006) (quoting Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987, cert. denied, 486 U.S. 1006 (1988)).  Here, Ebron states that he "stayed in pain suffering from cuts in his mouth from the broken partial [denture], which plaintiff couldn't eat without."  (Compl. ¶ 8.) Ebron had only "two teeth in his mouth," and the lower denture was necessary to eat.  (Compl. ¶

8.)  Granting all inferences in favor of Ebron on this record, the Court finds that Ebron has stated a serious medical need.

Similarly, district courts within the Third Circuit have found a serious medical need in prison dental cases.  For example, a prisoner with HIV was found in Ferreiras v. York County, Pennsylvania, No. 04-1799, 2006 WL 508048, at * 5 (M.D. Pa. Mar. 1, 2006), to have a serious medical need due to "broken and decayed teeth" and "'a broken partial' [denture] which made it difficult for him to eat."  Ferreiras, 2006 WL 508048, at *5.  Likewise, a lack of dentures resulting in a plaintiff not being able to chew at all has satisfied the serious medical need standard.  See Maclary v. Allen, No. 04-65, 2005 WL 2978610, at *2 (D. Del. Nov. 7, 2005).  Further, a District Court has held chronic bleeding gums following the extraction of teeth to be a serious medical need.  See Tripp v. Commonwealth of Pennsylvania, No. 05-1227, 2005 WL 3132317, at *3 (M.D. Pa. Nov. 22, 2005).  The aforementioned cases are factually similar enough to Ebron's dental problem to find on this record that a serious medical need exists.

Even if Ebron's dental problem constituted a serious medical need, Ebron has failed to establish a genuine issue of material fact as to whether the Defendants were deliberately indifferent to his suffering.  "The Third Circuit has found 'deliberate indifference' in a variety of circumstances, including where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refused to provide for it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  Samuel v. First Corr. Medical, 463 F. Supp. 2d 488, 495 (D. Del. 2006) (citing Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993)).  A defendant may be deliberately indifferent if his actions were "the moving force" behind a plaintiff's alleged suffering.  Collins

9

v. Hunter, No. 05-624, 2007 WL 108385, at *3 (D. Del. Jan. 12, 2007).  Therefore, the analysis in determining whether a defendant was deliberately indifferent to an inmate's suffering is whether a defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 842 (1994).  However, under § 1983, a plaintiff cannot rely on respondeat superior alone in order to hold a defendant liable.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Therefore, a plaintiff must demonstrate that the defendant was involved in the suffering, either through personal direction, or through "actual knowledge and acquiescence."  Id.

In his Complaint, Ebron alleges that since Riggs is responsible for the supervision of the dental department, he is liable insofar as he did not respond to Ebron's written medical complaint.  (Compl. ¶ 6.)  Specifically, Ebron alleges:

> [Captain Riggs] never investigated this matter personally or checked with dental Dept.  No written conclusion was submitted by Captain Riggs from date of original grieivance [sic], from feberay [sic] 2005 thru April 2006.

(Compl. ¶ 8.)  Ebron further alleges that Fraser ". . . didn't act as a overseer to my situation within the Medical Dept. or is the reason dental denied me treatment claiming there are no funds available to make a replace set of teeth."  (Compl. ¶ 5.)  Fraser also allegedly ignored Ebron's grievances addressed by letter, and was unconcerned with Ebron's medical condition.  (Compl. ¶ 8.)  Finally, Ebron contends that Howell, as the investigator for all medical complaints, disregarded Ebron's problem by failing to complete an investigation into "a grievance on or about October 2005," and was aware of Ebron's broken denture.  (Compl. ¶¶ 6, 8.)

Defendants rely upon two unreported Third Circuit cases to support their argument that § 1983 prisoner medical care claims cannot rely upon the theory of respondeat superior liability.

10

See Brooks v. Beard, 167 Fed. Appx. 923 (3d Cir. 2006); Anderson v. Bureau of Prisons, No. 05-4560, 2006 WL 929373 (3d Cir. 2006).  In Brooks, the plaintiff "filed [a] civil rights action [against governmental officers and employees], asserting Eighth Amendment and negligence claims in connection with an injury he sustained while in his cell."  Brooks, 167 Fed. Appx. at 924.  In Anderson, the plaintiff "claimed the defendants misdiagnosed his knee and back pain and provided 'conservative' treatments that were ineffective."  Anderson, 2006 WL 929373, at *1.  In both cases, the court stated that the defendants were insufficiently involved with the plaintiff's medical care to be liable under a § 1983 claim.  See Brooks, 167 Fed. Appx. at 925; Anderson, 2006 WL 929373, at *2.

In order for a court to conclude deliberate indifference exists, the complaint must show that a defendant was personally involved in the plaintiff's harm.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  However, the Defendants have not demonstrated that Ebron's uncontested Complaint relies solely upon a respondeat superior theory of liability.  Rather, Ebron alleges that he has exhausted all available administrative remedies, and he submitted a written complaint and grievance to Fraser that went unanswered.  (Compl. ¶¶ 7,8.)  Further, Ebron wrote a letter and submitted grievances to Riggs (Compl. ¶ 8), and subsequently, Riggs failed to complete his findings regarding the situation.  (Compl. ¶ 6.)  Finally, Ebron stated that Howell became aware of a medical need, and investigated a grievance, but never concluded the investigation in writing.  (Compl. ¶ 8.)  These alleged facts, if true, show

11

that Defendants were involved in Ebron's suffering through actual knowledge and acquiescence. Additionally, the Third Circuit cases relied upon by Defendants do not allege such facts, and thus are distinguishable from the present case. <u>See</u> <u>Brooks</u>, 167 Fed. Appx. at 925 (holding "[o]ur review of the complaint reveals no facts alleging personal involvement on the part of Appellees"); <u>Anderson</u>, 2006 WL 929373, at *2 (stating "none of the defendants is alleged to have any direct contact with [plaintiff] regarding his medical care concerns").

Although Defendants may have had involvement with Ebron's dental care, Defendants were not deliberately indifferent to Ebron's medical needs pursuant to § 1983 because Ebron received at least some dental treatment. (See Defendants' Exhibits A, C.) Therefore, all § 1983 claims against Defendants must be dismissed.

Ebron specifically stated in a MCCI grievance form:

> On October 14th I was seen by the dentist he put clay on my dentures, this
> wasn't the first time he had done that procedure. But he was suppose
> to use a machine to smooth the surface off. I thought it was o.k. But he is
> the Professional he knew he wasn't suppose to let me leave without
> completing the procedure!

(See Defendants' Exhibit C.)  The response to the grievance confirmed that Ebron had received treatment:

> We have tried to reline your denture 4 times.  Every visit when you left the
> procedure was complete.  On the 14th of October your reline was complete
> and you were told that it was the last time we would reline the denture.

(See Defendants' Exhibit C.)  Having received treatment from the MCCI dental staff, Ebron's dissatisfaction with the procedures performed do not rise to the level of an Eighth Amendment violation.  <u>See</u> <u>Gillespie v. Hogan</u>, 182 Fed. Appx. 103, 105 (3d Cir. 2006).  "An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate

receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf." Collins v. Hunter, No. 05-624, 2007 WL 108385, at *2 (D. Del Jan. 12, 2007). Rather than deny Ebron treatment, the MCCI dental staff fixed Ebron's denture at least four times, (See Defendants' Exhibit C), and even if the care given to Ebron was inadequate, negligent care does not give rise to an Eighth Amendment claim. See Brinton v. Wallace, No. 87-7220, 1988 WL 3093 (E.D. Pa. Jan. 13, 1988). Thus, Ebron has not shown a genuine issue for trial and summary judgment is proper.

## II. OXLEY'S MOTION TO DISMISS

### A.    Legal Standard

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

When a plaintiff is not represented by counsel, however, the Court must be mindful to construe the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). A pro se complaint may be

dismissed for failure to state a claim only if "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at

521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Similarly, a court should consider a

motion to dismiss on the merits, despite a plaintiff's lack of opposition to the motion.  See

Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (a court can dismiss a claim only

because appropriate relief does not exist, not as a punishment for lack of opposition to a motion).

### B.    Analysis

Even accepting Ebron's allegations as true, and viewing all inferences from them in a

light favorable to Ebron, Ebron's Complaint does not state a claim upon which the Court may

grant relief.  Ebron contends that Oxley is "responsible for all policies of the facility."  (Compl. ¶

5.)  Additionally, Ebron states in his Complaint:

> First defendant, SHERIFF OXLEY, Violated plaintiff's constitutional
> rights at the Monmouth County Jail Freehold, N.J.  His role in this matter is
> admimstrative [sic], Sheriff Oxely is responsible for all institutional policies
> of county pretrial detainees and federal detainees along with sentence inmates.
> Plaintiff was denied adequate dental care from January 2005 thru April 2006.

(Compl. ¶ 8.)  Although Ebron is a pro se plaintiff, and the Court has liberally construed all

inferences in Ebron's favor, Ebron fails to state a claim against Oxley upon which the Court may

grant him relief.  As stated above, a plaintiff cannot rely on respondeat superior alone in a § 1983

claim.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Ebron does not

demonstrate that Oxley was involved in the alleged suffering either through personal direction,

actual knowledge, or acquiescence.  See id.  Ebron's Complaint merely states that Oxley was an

administrator who was "responsible for all institutional policies of county pretrial detainees."

(Compl. ¶ 8.)  This allegation does not show that Oxley had any personal involvement in Ebron's

14

dental care, and thus, this allegation fails to state a claim that could establish that Oxley was deliberately indifferent to a serious medical need.  Furthermore, for the reasons stated above, Ebron's dissatisfaction with the afforded medical treatment does not amount to a satisfactory claim under § 1983.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' respective Motions for Summary Judgment and Motion to Dismiss are granted, Ebron's Complaint as to Riggs, Fraser, Oxley, and Howell is dismissed, and the cross claims filed by Riggs and Howell are dismissed.  An appropriate Order shall follow.

        /s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge


Dated: July 24, 2007