**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
:
ANTHONY EBRON                                  :
:
:    Civil Action No.: 06-CV-1938(FLW)
Plaintiff,                 :
:       **OPINION**
v.                                             :
:
SHERIFF OXLEY, et al.,                         :
:
Defendants.                :
_____:

**WOLFSON**, **United States District Judge:**

Pro se plaintiff Anthony Ebron ("Ebron") was a pretrial detainee at the Monmouth County Correctional Institution ("MCCI") from January 2005 through April 2006. On June 28, 2006, Ebron filed a complaint against Captain Robert Riggs, Warden William Fraser, Sheriff Joseph Oxley, Lt. Howell, a Medical Department Investigator, and Renee Hammond, a Dental Department Administrator, alleging that the defendants failed to provide him with adequate dental care. Ebron brought § 1983 claims based on defendants' alleged deliberate indifference to his medical needs, which allegedly violated his rights under the Due Process Clause of the Fourteenth Amendment.[1]  Defendants Riggs, Fraser, and Howell filed an unopposed summary

---

[1] Ebron alleged Eighth and Fourteenth Amendment violations, but "since Ebron was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, governs Ebron's claims regarding inadequate medical care. See Sylvester v. City of Newark, 120 Fed. Appx. 419, 423 (3d Cir.2005). The Third Circuit finds that Due Process rights under the Fourteenth Amendment provide at least as much protection as Eighth Amendment protections for convicted prisoners. See id.; see also Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir.1993)." Ebron v. Oxley, Docket No. 06-1938, 2007 WL 2140056, *3 (D.N.J. July 24, 2007).

1

judgment motion, which this Court granted on July 24, 2007. Ebron v. Oxley, Docket No. 06-1938, 2007 WL 2140056 (D.N.J. July 24, 2007).

Presently before the Court is a similar motion for summary judgment by defendant Hammond, which is also unopposed. Because the Court's previous Opinion established that Ebron's medical treatment did not amount to deliberate indifference as a matter of law, and there have been no intervening changes in the record between the time the Court granted the other defendants' motion for summary judgment and the present, Hammond is entitled to summary judgment for the same reasons. Because Hammond's motion raises the same legal issues addressed in my prior Opinion, I will rely on my previous analysis.

**I. Ebron's Claims Relating To Hammond**

While Ebron was a pre-trial detainee at the Monmouth County jail in Freehold, New Jersey, he asserts that he "was denied adequate dental care from January 2005 through April 2006." Complaint, ¶8. Ebron claims "that he was forced to eat with a broken partial denture, causing painful cuts in his mouth" and that "the MCCI dental staff denied him an adhesive or a new partial denture." Ebron, 2007 WL 2140056, at *1. Specifically as to Hammond, the Dental Department Administrator and a dental assistant for the Monmouth County Jail, Ebron claims that she "[knowingly] ignored the seriousness of [plaintiff's] dental concerns" from January 2005 through April 2006. Complaint, ¶8. He claims that she was aware of "[plaintiff's] serious needs for [] replacement dentures," and that she used "the policies of [the] facility as her reason for not seeking to get approval to make plaintiff [a] new lower denture." Id. at ¶5. "Ms. Hammond knew that the denture that plaintiff was force[d] to use was harmful to plaintiff to have to eat with a broken denture in his mouth. For a period [exceeding] six months, Ms. Hammond . . . allowed a dentist to work on [plaintiff's] upper denture five times without

correcting the problem and then refuse[d] to see plaintiff again or order denture adhesive for his dentures." Id. (emphasis added). Hammond "allowed" a dentist to work "on the upper dentures," but the dentist allegedly "ignored the broken lower partial [denture] on 6-21-05." Id. at ¶8. As a result, "plaintiff stayed in pain [,] suffering from cuts in his mouth from the broken partial, which plaintiff couldn't eat without." Id. Ebron also avers that, despite informing Hammond of his medical need for denture adhesive, he was denied it. Id.[2] It should be emphasized that, according to Ebron's Complaint, Hammond is not a dentist, but only the Dental Department Administrator and a dental assistant.

Ebron attaches two inmate grievance forms to his Complaint to corroborate his claims. In the first, dated October 29, 2005, Ebron complains that he has been "refused a replace[ment] lower partial" and that his "upper denture doesn't fit." Complaint, Exhibit B. The grievance form acknowledges that Ebron has received past treatment, but complains about the adequacy of the treatment: "Renee [Hammond] has charged me the fee of a dental visit knowing the problem still exist[s] [and] this has been an ongoing situation for the past five months as far as the dentist being able to do the proper work." Id. (emphasis added). In the second grievance form, dated November 18, 2005, Ebron again acknowledges his past treatment, but then disputes its adequacy: "I have a serious problem with my dentures. On October 14th I was seen by the dentist [and] he put . . . clay on my dentures, this wasn't the first time he had done that procedure. But he was suppose[d] to use a machine to smooth the surface off. I thought it was o.k. But he is the professional [and] he knew he wasn't suppose[d] to let me leave without completing the procedure!!" Id. at Exhibit C.

---

[2]Ebron does not allege that he took advantage of the inmate grievance procedure with respect to this complaint, and the grievance forms attached to his Complaint do not mention it.

The administrative response to Ebron's second grievance form, which appears to be written by Hammond, indicates that Ebron had received corrective treatment for his dentures not less than four times: "We have tried to reline your denture 4 times. Every visit when you left the procedure was complete. On the 14th of October your reline was complete and you were told that it was the last time we would reline the denture." Id. This is consistent with the allegations in Ebron's Complaint, and because Ebron does not oppose Hammond's motion or dispute the veracity of this response, the Court accepts it as true. "When 'the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits, or other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support.'" Ebron, 2007 WL 2140056, *2 (quoting Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448 at *2 (D.N.J. Jan. 28, 2002)).

Ebron has attached no other grievance forms to the Complaint, nor has he indicated that he filed other grievance forms. Thus, Ebron has not alleged, nor has he provided any evidence, that he made further administrative complaints, or had a continuing medical problem, subsequent to receiving the administrative response to his second, and apparently final, inmate grievance form.

## II. The Law of the Case Doctrine

"The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation. We apply the doctrine with the intent that it will promote finality, consistency, and judicial economy." Hamilton v. Leavy, 322 F.3d 776, 786-87 (3d Cir. 2003) (citation omitted). Although "[r]econsideration of a previously decided issue may . . . be appropriate in certain circumstances, including when the record contains new evidence," that is not the case here. Id. at 787 (citations omitted). Since Ebron has submitted no opposition to

4

Hammond's summary judgment motion and the record in the case at bar has not changed since my previous Opinion in this matter, Ebron, 2007 WL 2140056, I am bound by my prior findings under the law of the case doctrine.

In Ebron, the Court granted the defendants summary judgment on the ground that, even if they had knowledge of Ebron's medical needs and thus were personally involved in his treatment or lack thereof, Ebron's undisputed record of treatment barred a finding of the second element of a deliberate indifference claim: "that there was a deliberate indifference on the part of the Defendants in treating Ebron's medical needs." Ebron, 2007 WL 2140056 at *4. Specifically, the Court reasoned:

> Although Defendants may have involvement with Ebron's dental care, Defendants were not deliberately indifferent to Ebron's medical needs pursuant to § 1983 because Ebron received at least some dental treatment. Therefore, all § 1983 claims against Defendants must be dismissed.
> Ebron specifically stated in an MCCI grievance form: "On October 14th I was seen by the dentist he put clay on my dentures, this wasn't the first time he had done that procedure. But he was suppose to use a machine to smooth the surface off. I thought it was o.k. But he is the professional he knew he wasn't suppose to let me leave without completing the procedure!"
> The response to the grievance confirmed that Ebron had received treatment: We have tried to reline your denture 4 times. Every visit when you left the procedure was complete. On the 14th of October your reline was complete and you were told it was the last time we would reline the denture.
> Having received treatment from the MCCI dental staff, Ebron's dissatisfaction with the procedures performed do not rise to the level of an Eighth Amendment violation. See Gillespie v. Hogan, 182 Fed. Appx. 103, 105 (3d Cir. 2006). "An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf." Collins v. Hunter, No 05-624, 2007 WL 108385, at *2 (D. Del. Jan 12, 2007). Rather than deny Ebron treatment, the MCCI dental staff fixed Ebron's denture at least four times, and even if the care given to Ebron was inadequate, negligent care does not give rise to an Eighth Amendment claim. See Brinton v. Wallace, No. 87-7220, 1988 WL 3093 (E.D.Pa. Jan. 13, 1988). Thus, Ebron has not shown a genuine issue for trial and summary judgement is proper.

Id. at *6 (citations to the record omitted).

**III. Discussion**

The Court's analysis in Ebron controls Hammond's present motion. A § 1983 claim brought by a pre-trial prisoner for inadequate medical treatment requires deliberate indifference. "The Third Circuit has found 'deliberate indifference' in a variety of circumstances, including where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refused to provide for it; delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Id. at *5 (quotations omitted). Given the undisputed course of continuing care received by Ebron, it is not enough that he "believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on [his] behalf." Id. at *6 (quotations omitted). Even though Hammond, as the dental department administrator, was more directly involved in Ebron's treatment than the other defendants, the Court is bound by its prior determination that such treatment, or lack of treatment, does not rise to the level of deliberate indifference.[3] Thus, Hammond is entitled to summary judgment on Ebron's § 1983 claims for the same reasons expressed in the Court's prior opinion in this matter.

---

[3] While Ebron's undisputed record of treatment is sufficient to entitle Hammond to summary judgement on his claim of deliberate indifference with respect to the requested dentures, Ebron's claim regarding denture adhesive fails because (1) Ebron has failed to provide any evidence, other than his bare allegation, that he informed Hammond of his need for adhesive (this problem is not mentioned in his inmate grievance forms), and (2) Ebron's bare claim that he "was refused denture adhesive" "before the upper denture was worked on," Complaint, ¶8, and that Hammond "allowed a dentist to work on [plaintiff's] upper denture five times without correcting the problem and then [refused] to see plaintiff again or order denture adhesive for his dentures" does not indicate that the four undisputed instances of dental treatments he received did not address the problem. In any event, more than Plaintiff's bare and vague assertions in his Complaint is needed to survive a summary judgment motion at this late stage, particularly one that is unopposed.

Dated: August 20, 2008 /s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge